UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIYA MCDANIEL,

    Plaintiff,

v

DANA CORPORATION, a foreign
Corporation, and PRECISION
SUPPORT SERVICES, LLC, a
Michigan limited liability company,

    Defendants.
_____/

Case No. 19-cv-12926
Honorable Paul D. Borman
Mag Judge Michael Hluchaniuk

**DEFENDANT, PRECISION SUPPORT
SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

**DEFENDANT, PRECISION SUPPORT SERVICES, LLC'S
AFFIRMATIVE DEFENSES DIRECTED TO PLAINTIFF**

**DEFENDANT, PRECISION SUPPORT
SERVICES, LLC'S RELIANCE UPON JURY DEMAND**

**AND**

**CERTIFICATE OF SERVICE**

Dated: December 6, 2019

1

### DEFENDANT, PRECISION SUPPORT SERVICES, LLC'S ANSWER TO COMPLAINT

NOW COMES Defendant, Precision Support Services, LLC ("PSS"), by and through its attorney, Schwartz Law Firm, P.C., and for its Answer to Plaintiff's Complaint, states:

1. As to paragraph 1, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

2. As to paragraph 2, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

3. As to paragraph 3, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

4. As to paragraph 4, Defendant PSS admits that venue is proper in the District Court for the Eastern District of Michigan. Defendant PSS denies that the jurisdiction is proper as Plaintiff failed to exhaust her required administrative remedies prior to filing this action since she did not obtain a right to sue letter from the EEOC as to Defendant PSS.

5. As to paragraph 5, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

6. As to paragraph 6, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

## **GENERAL ALLEGATIONS**

7. Defendant PSS repeats and realleges paragraphs 1 through 6 as though each answer was restated verbatim.

8. As to paragraph 8, with respect to Defendant PSS, denies as untrue.

9. As to paragraph 9, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

10. As to paragraph 10, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

11. As to paragraph 11, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

12. As to paragraph 12, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

13. As to paragraph 13, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

14. As to paragraph 14, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

15. As to paragraph 15, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

16. As to paragraph 16, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

17. As to paragraph 17, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

18. As to paragraph 18, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

19. As to paragraph 19, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

20. As to paragraph 20, Defendant PSS denies as untrue.

21. As to paragraph 21, Defendant PSS admits as true.

22. As to paragraph 22, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

23. As to paragraph 23, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

24. As to paragraph 24, Defendant PSS admits that Plaintiff was employed with PSS from 4/26/18 to 5/22/19. As to the remainder of the averment, Defendant PSS lacks knowledge and information sufficient to form a belief about the truth of the allegations about the time period in question since it is not defined.

25. As to paragraph 25, Defendant PSS lacks knowledge and information sufficient to form a belief about the truth of the allegations about the time period in question since it is not defined.

26. As to paragraph 26, Defendant PSS lacks knowledge and information sufficient to form a belief about the truth of the allegations about the time period in question since it is not defined.

27. As to paragraph 27, Defendant PSS denies as untrue.

28. As to paragraph 28, Defendant PSS denies as untrue.

29. As to paragraph 29, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

## COUNT I

## SEXUAL HARASSMENT QUID PRO OUO

30. Defendant PSS repeats and realleges paragraphs 1 through 29 as though each answer was restated verbatim.

31. As to paragraph 31, Defendant PSS denies as untrue. In relevant part, Title VII of the Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq. prohibits an employer from discriminating against an individual with respect to their compensation, terms, conditions, or privileges of employment based upon their gender.

32.    As to paragraph 32, Defendant PSS denies as untrue.

33.    As to paragraph 33, Defendant PSS denies as untrue.

34.    As to paragraph 34, Defendant PSS admits as true.

35.    As to paragraph 35, Defendant PSS denies as untrue.

36.    As to paragraph 36, Defendant PSS denies as untrue.

37.    As to paragraph 37, Defendant PSS denies as untrue.

38.    As to paragraph 38, Defendant PSS denies as untrue.

39.    As to paragraph 39, Defendant PSS denies as untrue.

## COUNT II

## SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT

40.    Defendant PSS repeats and realleges paragraphs 1 through 39 as though each answer was restated verbatim.

41.    As to paragraph 41, Defendant PSS denies as untrue. In relevant part, Title VII of the Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq. prohibits an employer from discriminating against an individual with respect to their compensation, terms, conditions, or privileges of employment based upon their gender.

42.    As to paragraph 42, Defendant PSS denies as untrue.

43.    As to paragraph 43, Defendant PSS denies as untrue.

44.    As to paragraph 43, Defendant PSS admits as true.

45. As to paragraph 45, Defendant PSS denies as untrue.

46. As to paragraph 46, Defendant PSS denies as untrue.

47. As to paragraph 47, Defendant PSS denies as untrue.

48. As to paragraph 48, Defendant PSS denies as untrue.

49. As to paragraph 49, Defendant PSS denies as untrue.

50. As to paragraph 50, Defendant PSS lacks knowledge or information sufficient to form a belief about the truth of the allegations, and leaves Plaintiff to her proofs.

51. As to paragraph 51, Defendant PSS denies as untrue.

52. As to paragraph 52, Defendant PSS denies as untrue.

53. As to paragraph 53, Defendant PSS denies as untrue.

## COUNT III

### GENDER/SEX DISCRIMINATION

54. Defendant PSS repeats and realleges paragraphs 1 through 53 as though each answer was restated verbatim.

55. As to paragraph 55, Defendant PSS denies as untrue. In relevant part, Title VII of the Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et. seq. prohibits an employer from discriminating against an individual with respect to their compensation, terms, conditions, or privileges of employment based upon their gender.

56. As to paragraph 56, Defendant PSS denies as untrue.

57. As to paragraph 57, Defendant PSS denies as untrue.

58. As to paragraph 58, Defendant PSS denies as untrue.

59. As to paragraph 59, Defendant PSS denies as untrue.

60. As to paragraph 60, Defendant PSS denies as untrue.

61. As to paragraph 61, Defendant PSS denies as untrue.

62. As to paragraph 62, Defendant PSS denies as untrue.

63. As to paragraph 63, Defendant PSS denies as untrue.

64. As to paragraph 64, Defendant PSS denies as untrue.

WHEREFORE, Defendant, Precision Support Services, LLC, respectfully requests this Honorable Court dismiss Plaintiff's Complaint, and award Defendant such costs and attorney fees so wrongfully sustained and grant such further relief as this court deems just.

SCHWARTZ LAW FIRM, P.C.

By: /s/ Jay A. Schwartz
Attorney for Defendant,
Precision Support Services, LLC
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400
jschwartz@schwartzlawfirmpc.com
(P45268)

Dated: December 6, 2019

## **AFFIRMATIVE DEFENSES DIRECTED TO PLAINTIFF**

NOW COMES Defendant, Precision Support Services, LLC ("PSS"), by and through its attorney, Schwartz Law Firm, P.C., and for its Affirmative Defenses Directed to Plaintiff, Kiya McDaniel, states:

1. Plaintiff failed to exhaust her administrative remedies against Defendant PSS as she failed to obtain a right to sue letter from the EEOC.

2. This Court lacks jurisdiction, in whole or in part, of Plaintiff's claims.

3. Plaintiff failed to reasonably mitigate her losses.

4. Plaintiff failed to timely take advantage of an effective system to report/stop sexual harassment.

                SCHWARTZ LAW FIRM, P.C.

                By: /s/ Jay A. Schwartz
                    Attorney for Defendant,
                    Precision Support Services, LLC
                    37887 West Twelve Mile Road, Suite A
                    Farmington Hills, Michigan 48331
                    (248) 553-9400
                    jschwartz@schwartzlawfirmpc.com
Dated:   December 6, 2019      (P45268)

## DEFENDANT, PRECISION SUPPORT SERVICES, LLC'S RELIANCE UPON PLAINTIFF'S JURY DEMAND

NOW COMES Defendant, Precision Support Services, LLC, by and through its attorney, Schwartz Law Firm, P.C., and hereby relies upon Plaintiff's Jury Demand dated October 7, 2019.

                SCHWARTZ LAW FIRM, P.C.

                By: /s/ Jay A. Schwartz
                    Attorney for Defendant,
                    Precision Support Services, LLC
                    37887 West Twelve Mile Road, Suite A
                    Farmington Hills, Michigan 48331
                    (248) 553-9400
                    jschwartz@schwartzlawfirmpc.com
Dated: December 6, 2019    (P45268)

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2019, I electronically filed the foregoing document with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

                /s/Lyn Zarem
                Schwartz Law Firm, P.C.
                37887 West Twelve Mile Road, Suite A
                Farmington Hills, Michigan 48331
                (248) 553-9400
                lzarem@schwartzlawfirmpc.com