UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIYA MCDANIEL

    Plaintiff,

v.

DANA CORPORATION, a foreign corporation, and PRECISION SUPPORT SERVICES, LLC, a Michigan limited liability company,

    Defendants.
_____/

Case No. 2:19-cv-12926-PDB-MJH

Hon. Paul D. Borman

**Batey Law Firm, PLLC**
SCOTT P. BATEY (P54711)
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

*Attorneys for Plaintiff*

**FOLEY & LARDNER LLP**
Jeffrey S. Kopp (P59485)
Felicia O'Connor (P76801)
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
313.234.7100
jkopp@foley.com
foconnor@foley.com
*Attorneys for Defendant Dana Incorporated*

**Schwartz Law Firm, P.C.**
Jay A. Schwartz (P45268)
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400
jschwartz@schwartzlawfirmpc.com
*Attorneys for Defendant Precision Support Services, LLC*

_____/

4828-7990-6992.2

## DEFENDANT DANA INCORPORATED'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES Defendant Dana Incorporated ("Dana") (improperly named as Dana Corporation in the caption of this case), by and through its attorneys, Foley & Lardner LLP, and hereby answers Plaintiff Kiya McDaniel's ("Plaintiff") Complaint and Jury Demand as follows:

1. Dana neither admits nor denies the allegations in Paragraph 1 of Plaintiff's Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

2. Dana admits the allegations in Paragraph 2 of Plaintiffs' Complaint only to the extent that Dana, formerly known as Dana Holdings Corporation is a Virginia corporation with its principal place of business in Ohio, whose resident agent is the CT Corporation, 4400 Easton Commons Way, Suite 125, Columbus, OH 43219 and who is duly authorized to do business and operate in Michigan. Dana denies the remaining allegations in Paragraph 2 of Plaintiffs' Complaint.

3. Dana neither admits nor denies the allegations in Paragraph 3 of Plaintiff's Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

4. Dana neither admits nor denies the allegations in Paragraph 4 of Plaintiff's Complaint because the allegations purport to state legal conclusions for which no answer is required. To the extent a response is required, Dana does not dispute jurisdiction or venue.

5. Dana admits the allegations in Paragraph 5 of Plaintiff's Complaint only to the extent that the amount in controversy exceeds $75,000. Dana denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever.

6. Dana admits the allegations in Paragraph 6 of Plaintiff's Complaint only to the extent that Plaintiff brings claims alleging violations of Title VII of the Civil Rights Act of 1964 and the Michigan Elliott-Larsen Civil Rights Act. Dana denies that it has engaged in any unlawful behavior or action and denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever.

## GENERAL ALLEGATIONS

7. Dana hereby incorporates by reference as if fully set forth herein its above answers to Paragraphs 1 - 6 of Plaintiff's Complaint.

8. Dana admits the allegations in Paragraph 8 of Plaintiff's Complaint only to the extent that Plaintiff was assigned to Dana's Warren facility through Defendant PSS. Dana neither admits nor denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint because it lacks knowledge or information

3

sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

9. Dana denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Dana denies the allegation in Paragraph 10 of Plaintiff's Complaint that Marvin Figgins was the Plant Manager of Dana's Warren facility. Dana neither admits nor denies the remaining allegations in Paragraph 10 of Plaintiff's Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

11. Dana neither admits nor denies the allegations in Paragraph 11 of Plaintiff's Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

12. Dana neither admits nor denies the allegations in Paragraph 12 of Plaintiff's Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

13. Dana neither admits nor denies the allegations in Paragraph 13 of Plaintiff's Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

4828-7990-6992.2

14. Dana neither admits nor denies the allegations in Paragraph 14 of Plaintiff's Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

15. Dana neither admits nor denies the allegations in Paragraph 15 of Plaintiff's Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

16. Dana neither admits nor denies the allegations in Paragraph 16 of Plaintiff's Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

17. Dana denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Dana denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Dana denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Dana admits the allegations in Paragraph 20 of Plaintiff's Complaint to the extent that Plaintiff alleged to Dana that Mr. Figgins was acting inappropriately toward her.  Dana denies the remaining allegations in Paragraph 20 of Plaintiff Complaint including, but not limited to the allegation that Defendant Dana "did nothing to stop the harassment."

21. Dana admits the allegations in Paragraph 21 of Plaintiff's Complaint to the extent that Dana ended its relationship with Defendant PSS at the Warren facility in May of 2019 and later entered into an agreement with TK to provide third party sorting services. Dana neither admits nor denies the remaining allegations in Paragraph 21 of Plaintiff's Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to her proofs.

22. Dana denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Dana denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Dana denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Dana denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Dana denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Dana denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Dana denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Dana admits the allegation in Paragraph 29 of Plaintiff's Complaint only to the extent that the EEOC issued a Notice of Right to Sue to Plaintiff regarding Charge No. 471-2019-03397 filed by Plaintiff.

## COUNT I – ALLEGED SEXUAL HARASSMENT QUID PRO QUO

30. Dana hereby incorporates by reference as if fully set forth herein its above answers to Paragraphs 1 - 29 of Plaintiff's Complaint.

31. Dana neither admits nor denies the allegations in Paragraph 31 of Plaintiff's Complaint because the allegations purport to state legal conclusions for which no answer is required. To the extent an answer is required, Dana denies that it has engaged in any unlawful behavior or action and denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever.

32. Dana denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Dana denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Dana denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Dana neither admits nor denies the allegations in Paragraph 35 of Plaintiff's Complaint because the allegations purport to state legal conclusions for which no answer is required. The extent an answer is required, Dana denies that Figgins was its employee, denies that it has engaged in any unlawful behavior or action, and denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever.

36. Dana denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37. Dana denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Dana denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Dana denies the allegations in Paragraph 39 of Plaintiff's Complaint.

WHEREFORE, Defendant Dana denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever, and prays that this Honorable Court

dismiss Plaintiff's Complaint in its entirety with prejudice and award Dana its costs and attorneys' fees incurred in defending this action.

## COUNT II – ALLEGED SEXUAL HARASSMENT HOSTILE WORK ENVIRONMENT

40. Dana hereby incorporates by reference as if fully set forth herein its above answers to Paragraphs 1 - 39 of Plaintiff's Complaint.

41. Dana neither admits nor denies the allegations in Paragraph 41 of Plaintiff's Complaint because the allegations purport to state legal conclusions for which no answer is required. The extent an answer is required, Dana denies that it has engaged in any unlawful behavior or action and denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever.

42. Dana denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Dana denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Dana denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. Dana neither admits nor denies the allegations in Paragraph 45 of Plaintiff's Complaint because the allegations purport to state legal conclusions for which no answer is required. The extent an answer is required, Dana denies that Figgins was its employee, denies it has engaged in any unlawful behavior or action, and denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever.

46. Dana denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Dana denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Dana denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49. Dana denies the allegations in Paragraph 49, including but not limited to the allegations listed in subparts a, b, and c of Paragraph 49 of Plaintiff's Complaint.

50. Dana denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51. Dana denies the allegations in Paragraph 51, including but not limited to the allegations listed in subparts a, b, and c of Paragraph 51 of Plaintiff's Complaint.

52. Dana denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53. Dana denies the allegations in Paragraph 53 of Plaintiff's Complaint.

WHEREFORE, Defendant Dana denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever, and prays that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Dana its costs and attorneys' fees incurred in defending this action.

## **COUNT III – Alleged Gender/Sex Discrimination**

54. Dana hereby incorporates by reference as if fully set forth herein its above answers to Paragraphs 1 - 53 of Plaintiff's Complaint.

55. Dana neither admits nor denies the allegations in Paragraph 55 of Plaintiff's Complaint because the allegations purport to state legal conclusions for

which no answer is required. The extent an answer is required, Dana denies that it has engaged in any unlawful behavior or action and denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever.

56. Dana denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57. Dana denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58. Dana denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59. Dana denies the allegations in Paragraph 59 of Plaintiff's Complaint.

60. Dana denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61. Dana denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62. Dana denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63. Dana denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64. Dana denies the allegations in Paragraph 64 of Plaintiff's Complaint.

WHEREFORE, Dana denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever, and prays that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Dana its costs and attorneys' fees incurred in defending this action.

## COUNT IV – ALLEGED RETALIATION

65. Dana hereby incorporates by reference as if fully set forth herein its above answers to Paragraphs 1 – 64 of Plaintiff's Complaint.

66. Dana neither admits nor denies the allegations in Paragraph 66 of Plaintiff's Complaint because the allegations purport to state legal conclusions for which no answer is required. The extent an answer is required, Dana denies that it has engaged in any unlawful behavior or action and denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever.

67. Dana denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68. Dana denies the allegations in Paragraph 68 of Plaintiff's Complaint.

69. Dana denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70. Dana denies the allegations in Paragraph 70 of Plaintiff's Complaint.

71. Dana admits the allegations in Paragraph 71 of Plaintiff's Complaint to the extent that Plaintiff alleged to Dana that Mr. Figgins was acting inappropriately toward her. Dana denies the remaining allegations in Paragraph 71 of Plaintiff Complaint.

72. Dana denies the allegations in Paragraph 72 of Plaintiff's Complaint.

73. Dana denies the allegations in Paragraph 73 of Plaintiff's Complaint.

74. Dana denies the allegations in Paragraph 74 of Plaintiff's Complaint.

75. Dana denies the allegations in Paragraph 75 of Plaintiff's Complaint.

WHEREFORE, Dana denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever, and prays that this Honorable Court dismiss

Plaintiff's Complaint in its entirety with prejudice and award Defendant its costs and attorneys' fees incurred in defending this action.

## AFFIRMATIVE AND SPECIAL DEFENSES

In further answer to Plaintiff's Complaint and by way of affirmative and special defenses, Dana states that it may rely upon the following affirmative and special defenses, if applicable, and supported by facts to be determined through appropriate discovery:

A. Plaintiff's Complaint fails to state a claim on which relief can be granted.

B. Defendant Dana was not Plaintiff's employer.

C. Plaintiff cannot establish a *prima facie* case of hostile work environment sexual harassment.

D. Plaintiff cannot establish a *prima facie* case of quid pro quo sexual harassment.

E. Plaintiff cannot establish a *prima facie* case of discrimination based on sex or gender.

F. Plaintiff cannot establish a *prima facie* case of retaliation.

G. Plaintiff cannot establish that she was subject to a hostile work environment.

H.	Plaintiff cannot establish that the alleged conduct was intended to or did in fact substantially interfere with her employment or created an intimidating, hostile, or offensive work environment.

I.	Plaintiff cannot establish that Dana failed to take prompt and appropriate remedial action in response to any complaints of which it had proper notice.

J.	Plaintiff cannot demonstrate that Dana's proffered reasons for alleged actions taken with regard to her employment and/or PSS's and/or TK's contract with Defendant Dana were pretextual or retaliatory.

K.	Any alleged actions taken with regard to Plaintiff's employment and/or PSS's and/or TK's contract with Defendant Dana were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

L.	Plaintiff cannot establish that she engaged in protected activity.

M.	Plaintiff cannot establish a causal connection between any protected activity they may have engaged in and any alleged adverse employment action taken by Defendant Dana.

N.	Plaintiff's claims are barred in whole or in part by her failure to mitigate their damages, if any.

O.      To the extent that Plaintiff's claims rely upon conduct or actions that occurred beyond the applicable statute of limitations, Plaintiff's claims are barred, in whole or in part, by such statutes of limitations.

P.      Plaintiff's claims are barred or estopped by virtue of her own misconduct.

Q.      Plaintiff's claims are barred in whole or in part by reason of her unclean hands.

Defendant Dana reserves the right to amend its answer to add additional or other affirmative and/or special defenses or to delete or withdraw affirmative and/or special defenses as may become necessary after a reasonable opportunity for discovery and as the proof develops.

WHEREFORE, Defendant Dana denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever, and prays that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Defendant its costs and attorney fees incurred in defending this action.

Respectfully submitted,

**FOLEY & LARDNER LLP**


*/s/ Felicia S. O'Connor*
  Jeffrey S. Kopp (P59485)
  Felicia S. O'Connor (P76801)
  jkopp@foley.com
  foconnor@foley.com
  One Detroit Center
  500 Woodward Avenue, Suite 2700
  Detroit, MI 48226-3489
  313.234.7100

Dated:  January 10, 2020           Counsel For Dana Incorporated

## CERTIFICATE OF SERVICE

I hereby certify that, on January 10, 2020, I caused to be filed **Defendant Dana Incorporated's Answer and Affirmative Defenses** and this Certificate of Service using the ECF system.

*/s/ Felicia S. O'Connor*
Felicia S. O'Connor
