UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIYA MCDANIEL,

        Plaintiff,

v.

DANA CORPORATION, a foreign
Corporation, and PRECISION
SUPPORT SERVICES, LLC, a
Michigan limited liability company,

        Defendants.
_____/

Case No. 19-cv-12926

Paul D. Borman
United States District Judge

**<u>ORDER (1) GRANTING DEFENDANT PRECISION SUPPORT SERIVCES, LLC'S MOTION FOR ORDER FOR PLAINTIFF TO SHOW CAUSE WHY HER COMPLAINT SHOULD NOT BE DISMISSED, AND (2) ORDERING PLAINTIFF TO SHOW CAUSE</u>**

This is an employment discrimination action filed on October 17, 2019, in which Plaintiff Kiya McDaniel alleges claims against Defendants Dana Corporation and Precision Support Services, LLC, as her joint employers, for quid pro quo sexual harassment, hostile work environment sexual harassment, gender/sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act. (ECF No. 1.)

On April 2, 2020, Defendant Precision Support Services, LLC ("Precision") served Plaintiff with its First Set of Interrogatories and Request for Production. Plaintiff failed to respond to the discovery requests, despite being granted an

extension, and Precision filed a motion to compel discovery on July 2, 2020. (ECF No. 24.) On August 4, 2020, Precision's motion was granted, and Plaintiff was ordered to serve responses to Precision's discovery requests no later than 45 days from the date of the Order. (ECF No. 34.) The Order also placed Plaintiff on notice that her "failure to comply with this Order, or with any discovery order of this Court, will result in sanctions, which may include monetary penalties or dismissal of her complaint." (*Id.*)

On July 7, 2020, Plaintiff's counsel file a Motion to Withdraw as Counsel for Plaintiff. (ECF No. 26.) On August 4, 2020, this motion was granted, and Plaintiff was granted 30 days to obtain new counsel or she would be deemed to be proceeding pro se. (ECF No. 35.)

Since August 4, 2020, no lawyer has entered an appearance on Plaintiff's behalf, and more than 45 days have elapsed since this Court's August 4, 2020 Order to Plaintiff to serve responses to Precision's First Set of Interrogatories and Request for Production of Documents.

On September 24, 2020, Precision filed a Motion for Order for Plaintiff to Show Cause Why Her Complaint Should Not Be Dismissed. (ECF No. 37.) Precision states that Plaintiff has failed to respond to its discovery requests as ordered by the Court and moves for an order to Plaintiff to show cause why her Complaint should not be dismissed with prejudice. (*Id.*)

Federal Rule of Civil Procedure 37(d) authorizes the Court to order sanctions if a party fails to answer interrogatories or respond to a request for production of documents. Fed. R. Civ. P. 37(d)(1)(A)(ii). Federal Rule of Civil Procedure 37(b)(2)(A) permits the Court to order sanctions, including dismissing a case in whole or in part, if a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A)(v). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order...." Fed. R. Civ. P. 41(b); E.D. Mich. L.R. 41.2. Failure to prosecute is defined by Local Rule 41.2 as when "the parties have taken no action for a reasonable time." Before an action may be dismissed, the Court must determine among other things whether the party to be dismissed was warned that failure to cooperate could lead to dismissal. *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Although dismissal is a harsh sanction, it is an option available to the Court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* (internal citations omitted).

Accordingly, Defendant's Motion for Order for Plaintiff to Show Cause Why Her Complaint Should Not Be Dismissed (ECF No. 37) is **GRANTED** and the Court **ORDERS** Plaintiff to show cause in writing, no later than **November 25, 2020,** as to why this case should not be dismissed for failure to comply with the Court's orders

and for failure to prosecute. **If Plaintiff fails to timely respond or fails to satisfy the show cause order, the case will be dismissed in its entirety.**

Defendant Precision is further **ORDERED** to promptly serve a copy of this Show Cause Order on Plaintiff Kiya McDaniel by first class mail at 20801 Elroy Avenue, Warren, Michigan 48089, and by electronic mail to Ms. McDaniel at kiyamcdaniel@yahoo.com, and to file a certificate of service attesting that it has done so.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: October 29, 2020