UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIYA MCDANIEL,

        Plaintiff,                       Case No. 19-cv-12926

v.                                            Paul D. Borman
                                              United States District Judge

DANA CORPORATION and
PRECISION SUPPORT SERVICES,
LLC,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CASE WITH PREJUDICE
PURSUANT TO FED. R. CIV. P. 41(b)**

### I.    PROCEDURAL HISTORY

This is an employment discrimination action filed on October 17, 2019, in which Plaintiff Kiya McDaniel alleges claims against Defendants Dana Corporation and Precision Support Services, LLC, as her joint employers, for quid pro quo sexual harassment, hostile work environment sexual harassment, gender/sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act. (ECF No. 1.)

On April 2, 2020, Defendant Precision Support Services, LLC ("Precision") served Plaintiff with its First Set of Interrogatories and Request for Production. Plaintiff failed to respond to the discovery requests, despite being granted an

extension, and Precision filed a motion to compel discovery on July 2, 2020. (ECF No. 24.) On July 7, 2020, Plaintiff's counsel filed a Motion to Withdraw as Counsel for Plaintiff, stating that counsel has been unable to reach Plaintiff on numerous occasions and citing a "serious breakdown in the attorney-client relationship." (ECF No. 26.)

On August 4, 2020, Precision's motion to compel was granted, and Plaintiff was ordered to serve responses to Precision's discovery requests no later than 45 days from the date of the Order. (ECF No. 34.) The Order also placed Plaintiff on notice that her "failure to comply with this Order, or with any discovery order of this Court, will result in sanctions, which may include monetary penalties ***or dismissal of her complaint.***" (*Id.* (emphasis added).)

The motion to withdraw and counsel for Plaintiff was also granted on August 4, 2020, and Plaintiff was granted 30 days to obtain new counsel or she would be deemed to be proceeding pro se. (ECF No. 35.) No lawyer has entered an appearance on Plaintiff's behalf, and Plaintiff never responded to the outstanding discovery requests.

On September 24, 2020, Precision filed a Motion for Order for Plaintiff to Show Cause Why Her Complaint Should Not Be Dismissed. (ECF No. 37.) Plaintiff did not respond to the motion. The Court granted that motion on October 29, 2020, and ordered Plaintiff to show cause in writing, no later than November 25, 2020, as

2

to why this case should not be dismissed for failure to comply with the Court's orders and for failure to prosecute. (ECF No. 38, Order Granting Show Cause.) That Order expressly warned: "**If Plaintiff fails to timely respond or fails to satisfy the show cause order, the case will be dismissed in its entirety.**" (*Id.* at PgID 216 (emphasis in original).) In addition to service of the Order by the Court on Plaintiff by first class mail(10/29/2020 docket entry, Certificate of Service), counsel for Defendant Precision filed a proof of service on November 2, 2020, that *it* also had served a copy of the Court's October 29, 2020 Order on Plaintiff by first class mail and email, as required by the Court's Order. (ECF No. 39.)

Plaintiff has failed to timely respond to or otherwise satisfy the show cause order.

## II.     LEGAL STANDARD

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson,* 8 F. App'x 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link,* 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629–630. "[D]istrict courts

possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.,* 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch,* 946 F.2d 451, 453 (6th Cir. 1991)). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro,* 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b) ]—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link,* 370 U.S. at 630; *see also Carter v. City of Memphis, Tenn.,* 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b) ] to enter a *sua sponte* order of dismissal.") (citing *Link*).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999)).

### III. DISCUSSION

In this case, it is not clear whether Plaintiff's failure to prosecute is due to willfulness, bad faith or fault, although she has not participated in discovery nor otherwise responded to the Court orders. Regardless, "[D]efendants cannot be expected to defend an action" that Plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008). Thus, the first and second factors weigh in favor of dismissal.

Moreover, based on the warnings given to Plaintiff, the third factor also weighs in favor of dismissal. The Court warned Plaintiff multiple times in writing that dismissal in Defendants' favor would be granted if she failed to file a response to the show cause order and respond to the outstanding discovery requests. (ECF Nos. 34, 38.) Indeed, in the October 29, 2020 Order to Show Cause, the Court

5

expressly warned that "**If Plaintiff fails to timely respond or fails to satisfy the show cause order, the case will be dismissed in its entirety.**" (*Id.* at PgID 216 (emphasis in original).) Plaintiff failed to respond. Courts in this district have "regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants have expended resources on an abandoned action, and lesser sanctions would prove useless." *Kennedy v. Terris*, No. 19-10537, 2020 WL 3335670, at *2 (E.D. Mich. Apr. 14, 2020) (collecting cases), *report and recommendation adopted* 2020 WL 3287974 (June 18, 2020).

Finally, given Plaintiff's failure to serve discovery responses as ordered and failure to respond to the order to show cause, despite clear warnings from the Court that failure to do so could result in dismissal of this action, the Court sees no utility in considering or imposing lesser sanctions. *See Kennedy*, 2020 WL 3335670, at *2 (noting "a *sua sponte* dismissal may be justified by a plaintiff's 'apparent abandonment of [a] case.'").

Thus, taken together, these factors support dismissal for failure to prosecute. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of

6

delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITH PREJUDICE under Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

                                              s/Paul D. Borman
                                              Paul D. Borman
                                              United States District Judge

Dated: December 4, 2020